## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MARIE SLABY, | ) | |
| | ) | No. 2:23-cv-596 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| RICH FITZGERALD, in his official capacity | ) | |
| as Allegheny County Executive, and | ) | |
| ALLEGHENY COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is a Partial Motion to Dismiss (ECF No. 15) filed by Defendants Rich

Fitzgerald ("Fitzgerald") and Allegheny County (the "County") (collectively, "Defendants").

Defendants request that the Court dismiss Count II of Plaintiff's Amended Complaint (ECF No.

14) with prejudice, dismiss Plaintiff's claims against Fitzgerald with prejudice, and dismiss

Plaintiff's requests for punitive damages and declaratory relief with prejudice. Mot. 2, ECF No.

15. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Motion to Dismiss

has been fully briefed and is ripe for disposition.

1

I.      **Background**

The Amended Complaint asserts claims against the County and Fitzgerald, in his official capacity as Allegheny County Executive, for religious discrimination under Title VII arising out of Plaintiff's termination for failure to comply with the County's COVID-19 vaccine mandate (the "Mandate") and for violation of the Pennsylvania separation of powers doctrine arising out of the passing of the Mandate.  Plaintiff alleges as follows in her Amended Complaint:

Plaintiff began working for the County as a corrections officer on September 17, 2007. Am. Compl. ¶ 6, ECF No. 14.  Her final assignment was in the intake department, where she processed and classified inmates.  *Id.* at ¶ 7.  Plaintiff had no documented infractions during her 14-year career with the County.  *Id.*  Via a memo dated August 6, 2021, Plaintiff was informed that the Mandate would: (1) take effect August 9, 2019; (2) require employees to receive a COVID-19 vaccination or be subject to masking and testing requirements;[1] (3) be subject to medical and religious exemptions; and (4) require employee compliance and proof of vaccination by no later than December 1, 2021.  *Id.* at ¶ 8.

Plaintiff submitted requests for medical and religious exemptions to the County on September 6, 2021, citing her post-traumatic stress disorder, generalized anxiety, and depression diagnoses in support of her medical exemption request, and citing her Catholic faith in support of religious exemption request.  Am. Compl. ¶ 9; 15, ECF No. 14.  By way of her requests, Plaintiff also took issue with the fact that the Mandate was not collectively bargained for by the Allegheny

---

[1] The Mandate itself (ECF No. 15-3) and Plaintiff's Amended Complaint, as a whole, make clear that the Mandate required vaccination, and did not provide for masking and testing alternatives in the absence of an applicable exemption or approved accomodation.  *See* Am. Compl. ¶¶ 39-40, ECF No. 14 (providing that Plaintiff had offered to continue masking and quarantining to maintain her employment, but that Defendants did not allow for the same as an accommodation in lieu of vaccination); *see also* Mandate, ECF No. 15-3 at 1 ("On or before December 1, 2021, all Allegheny County employees under the Executive branch must have received their second dose of a two-dose COVID-19 vaccine or a one-dose vaccine, with exceptions only as required by law.  Employees who fail to submit proof of completed vaccination by December 1, 2021 (without an approved accommodation) will be subject to termination of employment."); ECF No. 15-5.

County Prison Employees Independent Union (ACPEIU).  *Id.* at ¶ 17.  On October 22, 2021, Plaintiff received a letter from her HR director that provided Plaintiff with a final reminder that Plaintiff's deadline to receive a COVID-19 vaccine was December 1, 2021.  *Id.* at ¶ 25.  Plaintiff subsequently participated in a videoconference with her employee relations coordinator on November 24, 2021, during which Plaintiff and the coordinator discussed Plaintiff's exemption requests.  *Id.* at ¶ 26.

On December 6, 2021, Plaintiff received a letter from her HR director that informed Plaintiff that both of her exemption requests had been denied on the basis of "undue hardship," and that further provided Plaintiff a deadline of five days to receive a COVID-19 vaccine.  Am. Compl. ¶ 27, ECF No. 14.  Plaintiff subsequently reasserted her medical and religious exemption requests and the County again denied her requests, explaining that her medical conditions were not recognized by the CDC "as a contraindication as to the COVID-19 vaccines" and again providing a deadline of five days for Plaintiff to receive a COVID-19 vaccine.  *Id.* at ¶ 28.

On December 19, 2021, Plaintiff attended a *Loudermill* hearing, wherein she again asserted her requests for medical and religious exemptions.  Am. Compl. ¶¶ 29-30, ECF No. 14.  Plaintiff also submitted a letter to the County stating that she would accept the Mandate on the condition that the County provide Plaintiff with a copy of a union contract, signed by Plaintiff, that permitted the County to impose employment requirements respecting masks; testing; vaccines; or other medical intervention.  *Id.* at ¶ 31.  The County terminated Plaintiff's employment on December 21, 2021.  *Id.* at ¶ 32.  Plaintiff subsequently commenced administrative proceedings before the EEOC, and the EEOC issued Plaintiff a right to sue letter on January 11, 2023.  *Id.* at ¶ 33.

As noted, Plaintiff asserts a claim against Fitzgerald and the County for religious discrimination under Title VII arising out of Plaintiff's termination for her failure to comply with

3

the Mandate.   At Count II, Plaintiff asserts a claim against Fitzgerald for violation of the Pennsylvania separation of powers doctrine arising out of the passing of the Mandate.  In support of Count II, Plaintiff alleges:

> Defendant Fitzgerald violated the separation of powers doctrine not only by unilaterally implementing his COVID-19 vaccine mandate, which usurped the power of the County Council, but also by violating Section 6 of the Pennsylvania Labor Relations Act by unilaterally usurping the collective bargaining agreement between ACPEIU and Allegheny County.

Am. Compl. ¶ 51, ECF No. 14; *see also id.* at ¶ 22 ("Defendant Fitzgerald, thus, exceeded his authority by issuing a vaccine mandate for unionized workers.").

Plaintiff filed the operative Amended Complaint on July 24, 2023.  Defendants filed their Partial Motion to Dismiss, along with a Brief in Support (ECF No. 16), on August 3, 2023. Plaintiff filed a Brief in Opposition (ECF No. 17) on August 24, 2023.  Defendants filed a Reply (ECF No. 18) on August 31, 2023.

## II.    Legal Standards

### A.  Pro Se Pleadings

Plaintiff is proceeding pro se and, as such, she is entitled to liberal construction of her submissions in federal court.  This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'"  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

### B. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to

dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

### C.  Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  The party asserting the existence of federal jurisdiction bears the burden of proving that jurisdiction over the subject matter actually exists. *Brown v. Tucci*, C.A. No. 12-1769, 2013 WL 2190145 (W.D. Pa. May 20, 2013) (citing *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

There are two types of Rule 12(b)(1) motions.  A "facial" attack assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  The United States Court of Appeals for the Third Circuit has explained:

> In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000)) (internal quotation marks omitted).  Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party.

*Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

A "factual" attack, on the other hand, argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue, causing the case to fall outside the court's jurisdiction. *Mortensen*, 549 F.2d at 891.  In such a case, "no presumptive truthfulness attaches to plaintiff's allegations" and the court must evaluate the merits of the

disputed allegations because "the trial court's . . . very power to hear the case" is at issue. *Id*. With a factual attack, the Court is free to consider evidence outside the pleadings and weigh that evidence. *Petruska*, 462 F.3d at 302 n.3; *see also Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 n.3 (quoting *Mortenson*, 549 F.2d at 891). Such inquiry is permissible because a federal court must assure itself that it has jurisdiction over the case, and it may even resolve factual disputes in doing so. *See Boyle v. The Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991) (citing *Mortensen*, 549 F.2d at 891).

## III.   Discussion

### D.   Count II

Defendants assert that Plaintiff's claim for violation of the Pennsylvania separation of powers doctrine should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) because: (1) such a claim is not a legally cognizable cause of action; (2) the Allegheny County Home Rule Charter ("HRC") and Administrative Code ("AC Code") vest the County Executive, in this case Fitzgerald, with authority to implement employment policies such as the COVID-19 vaccination policy without consultation with County Council; (3) this Court lacks jurisdiction over any claim asserting a violation of the Pennsylvania Public Employee Relations Act ("PERA"); and (4) the declaratory relief sought by Plaintiff at Count II is moot, and there is no actual case and controversy, because the Mandate is no longer in effect as of May 18, 2023, and thus any declaration or judgment rendered by the Court would have no practical effect on the parties involved. Mot. ¶ 2, ECF No. 15; *see also* Br. in Supp. 6-9, ECF No. 16.

In opposing the Motion to Dismiss, Plaintiff argues that she requests only declaratory (and no other) relief at Count II.  Resp. 1, ECF No. 17.  She asserts that the County is now rehiring correction officers who were terminated due to failure to comply with the Mandate, and that the same is true with respect to unionized Allegheny County transit workers.[2]  *Id.* at 2.  Plaintiff argues that, accordingly, "[a] concrete, forward-looking legal issue exists because of the possibility of the Plaintiff returning to work at Allegheny County."  *Id.* at 3.  Plaintiff asserts that she seeks declaratory relief to clarify the unlawfulness of the vaccine mandate and to protect Plaintiff from potential retaliatory actions by Defendants if Plaintiff potentially returns to her previous position.  *Id.*  As noted, she also argues that Fitzgerald overstepped his authority in implementing the Mandate by bypassing collective bargaining and City Council.  *Id.* at 3-4.

The Court need not wade into the merits of Count II because it agrees with Defendants that, because Plaintiff is no longer employed by the County and seeks only declaratory relief at Count II, she fails to present an actual case or controversy at Count II.  The Third Circuit has explained:

> Article III standing requires "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision."  *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016).  The plaintiff bears the burden of establishing standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  The District Court dismissed Sherwin-Williams's complaint because the company failed to plead actual injury.  We agree.

---

[2] With respect to this assertion, Defendants aver:

> Plaintiff has attached as Exhibit A to her Response a press release issued by the Amalgamated Transit Union stating that the union has come to a global settlement with Pittsburgh Regional Transit ("PRT").  This agreement has no bearing on this lawsuit.  Pittsburgh Regional Transit is not a part of the Allegheny County Executive Branch of Government.  *See* Allegheny County Home Rule Charter organizational chart for the government of Allegheny County. https://ecode360.com/attachment/AL1955/AL1955-OC.pdf.  Furthermore, Plaintiff's claim that Allegheny County has come to a similar agreement and is hiring correction officers who were terminated pursuant to the vaccination policy is without merit and unsupported by any well-pled fact in her Amended Complaint.

Reply 1, ECF No. 18.

Injury in fact requires "the invasion of a concrete and particularized legally protected interest resulting in harm that is actual or imminent, not conjectural or hypothetical." *Finkelman*, 810 F.3d at 193 (citation and internal quotation marks omitted). "A harm is 'actual or imminent' rather than 'conjectural or hypothetical' where it is presently or actually occurring, or is sufficiently imminent. . . . [P]laintiffs relying on claims of imminent harm must demonstrate that they face a realistic danger of sustaining a direct injury from the conduct of which they complain." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014) (citation omitted). "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (citation omitted). And a party seeking equitable relief for a prospective injury, like Sherwin-Williams here, must show a "likelihood of substantial and immediate irreparable injury" to establish standing. *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

Declaratory judgments are often forward-looking, but they are "limited to cases and controversies in the constitutional sense." *Wyatt, Virgin Islands, Inc. v. Gov't of V.I.*, 385 F.3d 801, 805 (3d Cir. 2004) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). We may review only "concrete legal issues, presented in actual cases, not abstractions. . . . This is as true of declaratory judgments as any other field." *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) (quoting *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947)) (internal quotation marks omitted).

*Sherwin-Williams Co. v. Cnty. of Delaware, Pennsylvania*, 968 F.3d 264, 268–69 (3d Cir. 2020).

Plaintiff's Response makes clear that her request for declaratory relief at Count II relies on an assertion of purportedly imminent, *future* harm that may *potentially* be posed to her should she be, at some point, rehired by the County. Accordingly, for Plaintiff to have standing to seek declaratory relief at Count II, she would be required to allege a certainly impending threatened injury. Two realities prevent her from doing so in this matter. First, as Plaintiff acknowledges, she is no longer employed by the County, and is thus not currently subject to the allegedly illegally implemented Mandate. *See Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 465–66 (S.D.N.Y. 2013) ("[A] plaintiff generally lacks standing to seek injunctive or declaratory relief against his or her former employer, as there is no prospect that he or she will be injured in the future.").

10

Further, even if Plaintiff were still employed by the County, or sought reinstatement by way of the Amended Complaint, the challenged Mandate is no longer in effect. *See* ECF No. 15-6.  Accordingly, even if Plaintiff had pled that she had been, or will be, rehired, the challenged Mandate would not affect her employment, and she cannot seek declaratory relief with respect to the now-terminated Mandate.  Nothing herein is intended to prevent Plaintiff from attempting to reassert a similar claim in the future should she regain employment with the County and should the same or a similar vaccine policy be reimplemented.  On the present record, however, the Court finds that Plaintiff lacks standing to pursue the declaratory relief she seeks by way of Count II.  She may, as the County acknowledges, challenge her termination under Title VII.  She does not, however, have standing to challenge Fitzgerald's implementation of the Mandate by way of this action at this time.   Count II will be dismissed without prejudice to Plaintiff reasserting her claim, whether by way of this or another action, should circumstances so warrant.  That said, given the circumstances of this case, the Court finds that amendment at this time would be futile, and the Court will thus not permit amendment as to Count II at this time.

**E.  Claims Against Fitzgerald in His Official Capacity**

Defendants also assert that, because individuals cannot be held liable under Title VII, and because the County will remain a Defendant in this action at this juncture, Plaintiff's claim against Fitzgerald at Count I is "redundant and warrants dismissal with prejudice."  Mot. ¶ 5, ECF No. 15.  While Plaintiff acknowledges that Defendants' argument would have merit if Fitzgerald had adhered to the Allegheny County Home Rule Charter in implementing the Mandate, she argues that, because Fitzgerald exceeded his powers under the Home Rule Charter, he should remain as a party to this lawsuit.  Resp. 4, ECF No. 17.

11

"Based on long-standing precedent in this Circuit, there is no individual liability under Title VII." *Ulery v. Berrier*, No. 2:22-CV-1234, 2023 WL 5944125, at *4 (W.D. Pa. July 11, 2023).  This precedent is not affected by the fact that Plaintiff has sued Fitzgerald in his official capacity. *See Foxworth v. Pennsylvania State Police*, No. CIV.A. 03-CV-6795, 2005 WL 840374, at *4 (E.D. Pa. Apr. 11, 2005) ("Because the only proper defendant in a Title VII case is the 'employer,' pursuing such claims against individuals *in their official capacities* would be redundant." (emphasis added)).  Because the Court has dismissed Count II, and because there is no individual liability under Title VII, the Court will, accordingly, dismiss all claims against Fitzgerald in this matter.

### F.  Plaintiff's Request for Punitive Damages

Defendants further asserts that punitive damages are not recoverable against the County pursuant to 42 U.S.C. § 1981a(b)(1).  *Id.* at ¶ 4.  Plaintiff offers no argument in opposition to Defendants' request to dismiss Plaintiff's request for punitive damages.  When an employer is a municipality, punitive damages are not available under Title VII.  *Udujih v. City of Philadelphia*, 513 F. Supp. 2d 350, 358 (E.D. Pa. 2007); 42 U.S.C. § 1981a(b)(1).  Because Plaintiff's claims against Fitzgerald have been dismissed, and because Plaintiff cannot seek punitive damages under Title VII against a municipality such as the County, any request for punitive damages must also be dismissed.  The Court's Order will so reflect.

### IV.    Conclusion

For the reasons discussed above, Defendants' Partial Motion to Dismiss will be granted consistent with the Court's discussion herein.  An appropriate order of court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 3, 2024


cc:     All counsel of record

        Lisa Marie Slaby
        400 Elizabeth Drive, Apt. 4302
        Pittsburgh, PA 15220